**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delia Coronado,<br><br>    Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-16-03458-PHX-SPL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. 32).

On August 24, 2017, this Court granted the parties' Stipulated Motion for Remand (Docs. 27, 28). On remand, Plaintiff was awarded $76,504 in back benefits due, and a Notice of Award was issued on April 21, 2019 (Doc. 32–1). Plaintiff now seeks an award of $19,126 in attorneys' fees under 42 U.S.C. § 406(b) (Doc. 32).

The Social Security Act provides that the Court may award reasonable attorneys' fees for representation before the Court, not to exceed twenty-five percent of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Supreme Court in *Gisbrecht v. Barnhart* provides district courts with guidance on how to evaluate such Section 406(b) contingent-fee requests for reasonableness.

> Most plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield

reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining whether such a fee award is reasonable under 42 U.S.C. § 406(b), the Court may look to factors including the character of the representation, the results achieved, delay, and proportionality. *Gisbrecht*, 535 U.S. at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1148, 1151 (9th Cir. 2009).

Defendant does not object to the merits of the request (Doc. 29).[1] Upon review, the Court finds the request for $19,126 is twenty-five percent of Plaintiff's past-due benefits and does not exceed the statutory cap. In addition, the instant record provides no indication of substandard performance, dilatory litigation tactics, or disproportionality.[2] Accordingly, this Court concludes that a consideration of the *Gisbrecht* factors warrants a finding that the fee requested is reasonable.

**IT IS THEREFORE ORDERED** that the Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. 32) is **granted**.

///
///
///
///
///
///

---

[1] Defendant has no objection to the award of fees under 42 U.S.C. § 406(b). Defendant only requests clarification on the calculation of counsel's hourly rate (Doc. 29). Counsel claims that the effective hourly rate is $569.93, taking into account the EAJA offset (Doc. 32 at 11). "However, the effective hourly rate can be calculated only prior to the subtraction of the duplicate prior EAJA award; subtracting the EAJA award from the total fee sought is incorrect, as the EAJA fee is a wash." *Ringel v. Comm'r of Soc. Sec.*, 295 F.Supp.3d 816, 839–40 (S.D. Ohio 2018). Accordingly, the Court finds counsel's effective hourly rate is not $569.93, but $768.11.

[2] The fee request results in an effective hourly rate of $768.11 (Doc 32 at 12). "In cases of this type, the Ninth Circuit sitting en banc has approved effective hourly rates of $519, $875, and $902 without finding that they are unreasonable." *Young v. Colvin*, 2014 WL 590335 at *2 (D. Ariz. 2014) (citing *Crawford*, 586 F.3d at 1153). Taking into account the risk inherent in contingent-fee arrangements, the Court concludes the hourly rate is reasonable.

**IT IS FURTHER ORDERED** that Counsel is awarded **$19,126** in accordance with 42 U.S.C. § 406(b). Upon receipt of this sum, Counsel shall refund the previously awarded EAJA fees of **$4,934.67** to Plaintiff.

Dated this 22nd day of October, 2019.

_____
Honorable Steven P. Logan
United States District Judge